IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANDRE LENOIR                                                                    PETITIONER

VS.                                                           CIVIL ACTION NO. 3:05CV214LS

STATE OF MISSISSIPPI, DWIGHT
PRESTLEY and JIM HOOD                                                          RESPONDENTS

## ORDER

This matter is before the court on the Petitioner's Motion to Suspend Briefing/Leave to Proceed in the Miss. Supreme Court and his Motion to Amend Habeas Petition. Because the Motion to Suspend Briefing raised serious issues related to the United States Supreme Court's recent decision in *Crawford v. Washington*, 541 U.S. 36 (2004), the court ordered the Respondents to submit a response to the Motions. The Respondents did so on April 14, 2006, and the Petitioner has requested and been given two extensions of time within which to submit a rebuttal, which he has failed to do.

The history of Lenoir's case was discussed extensively in the court's March 8, 2006, Order and will not be repeated here. Essentially, Lenoir is before the court on the single issue raised in his original habeas petition – that his conviction violated his constitutional protection against double jeopardy. By his current Motions, he is seeking a stay of the case before this court so that he can address other issues with the state court – including the *Crawford* claim – and then amend his habeas petition to include that and other claims. Having reviewed the Response to his Motions, the court is of the opinion that they must be denied.

As the Respondents have noted, the question of whether to permit a stay is governed by *Rhines v. Weber*, 544 U.S. 269 (2005). There, the United States Supreme Court held that a district

court has the discretion to stay a habeas case presenting a "mixed" petition – i.e., one containing exhausted and unexhausted claims – to permit the petitioner to present the unexhausted claims to state court. *Id*. at 277. However, that discretion is not unfettered, and the court should make its decision to stay only after consideration of whether the petitioner has shown good cause for his earlier failure to exhaust those claims and whether the claims are meritorious.

The Respondents argue that Lenoir has not shown good cause for failing to raise *Crawford* earlier, as it was decided during the pendency of his direct appeal – between the issuance of the Court of Appeals's opinion and the denial of certiorari review by the Mississippi Supreme Court. After the Court of Appeals issued its opinion, Lenoir was no longer entitled to appointed counsel. *Harris v. State*, 704 So. 2d 1286, 1292 (Miss. 1997). The court is aware of the difficulties encountered by state inmates in researching the law and drafting pleadings and would be hesitant to hold that Lenoir should have been aware of this recent decision and notified the Mississippi Supreme Court of its application to his case. However, that question need not be decided here, because the court is convinced that the claims are not meritorious.

Lenoir cannot succeed on the claims that he seeks to add to his habeas petition, for the reason that they are time-barred. In the usual case contemplated by *Rhines*, the petitioner has come to federal court by way of a petition that has included both exhausted and unexhausted claims. Here, Lenoir filed a habeas petition with only one claim. That petition was filed about six months after his conviction became final and was, therefore, timely. However, his Motion to Amend was filed nearly **eighteen** months after Lenoir's conviction became final, well beyond the one-year statute of limitations for habeas claims provided by 28 U.S.C. 2244(d).

Lenoir's claims could only be considered, therefore, if the amendments were permitted to relate back to the original pleading. The Respondents correctly assert that the court cannot make that determination, based on the United States Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562 (2005). There, the Court stated that amendments to a habeas petition cannot relate back, for the purposes of avoiding AEDPA's one-year statute, unless they comply with the terms of Fed. R. Civ. P. 15(c)(2). That Rule requires that the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

In *Mayle*, the original petition claimed that the admission into evidence of a witness's videotaped statement violated his Sixth Amendment right to confront witnesses. The later amendment alleged that the police used coercive tactics to obtain statements from him that were admitted at trial in violation of his Fifth Amendment right against self-incrimination. The amendment was sought after the expiration of AEDPA's time limit. The petitioner argued that, since his original claim and his amendment both arose out of the same trial and conviction, the amendment should relate. The Supreme Court rejected that argument, holding that a ruling in the petitioner's favor on that issue would essentially vitiate the one-year statute of limitations, as practically all claims made in the course of a habeas case arise out of the same trial and conviction, and a petitioner could continuously amend his complaint to state new claims. 125 S. Ct. at 2573-74.

Even Mayle's assertion that both of his claims arose out of pretrial activity by the police and became actionable when the statements were introduced on successive days of trial did not convince the court that the claims arose out of the same occurrence. Here, Lenoir bases his original double jeopardy claim on the difference in wording between his conviction for possession of cocaine with

3

the intent to distribute and the Court of Appeals's mandate affirming a conviction for possession of cocaine. He seeks to add a claim regarding the admissibility of testimony from a crime lab employee, the trial court's error in denying his motion for JNOV, and the cumulation of trial errors. These issues are remote in time and even involve the actions of different courts; therefore, they do not arise out of the same occurrence as his first claim and cannot relate back to it.

For these reasons, the court is of the opinion that Lenoir cannot succeed on those claims in this court, and there is no reason to permit him to amend his habeas petition. For the same reason, there is no point to staying his case to permit him to pursue these, or any other unrelated claims, in state court, as he will not be permitted to amend his complaint to add them. Therefore, his Motions will be denied.

IT IS, THEREFORE, ORDERED that the Motion to Suspend Briefing/Leave to Proceed in the Miss. Supreme Court and the Motion to Amend Habeas Corpus are hereby **denied**.

IT IS SO ORDERED, this the 30th day of August, 2006.

                                          S/James C. Sumner
                                  UNITED STATES MAGISTRATE JUDGE